THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES L.L.C., AND
NAGRASTAR LLC

      **Plaintiffs,**      Civil Action No.

 -against-           CV 11-05129 (ADS)(WDW)

WORLD CABLE INC., d/b/a
www.worldcable.tv,
PREMIUM HOSTING.NET INC.
STATEWIDE MANAGEMENT
HOLDING, INC, SAJID SOHAIL,
YASMINE MALIK, SHAHID RASUL,
and JOHN and
JANE DOES 1- 5
      **Defendants**
-----------------------------------------------------------X

## STIPULATION, CONSENT DECREE, AND ORDER OF PERMANENT INJUNCTION

**WHEREAS,** the Plaintiffs brought this action against the Defendants seeking monetary damages and injunctive relief under New York law and Federal law including, *inter alia*, 47 U.S.C.§ 605 on October 21, 2011 and alleging that the Defendants have engaged in an illegal scheme to obtain and re-broadcast the Plaintiffs' television signals; and

**WHEREAS,** the Plaintiffs sought ex parte injunctive relief, and the Court thereafter considered and granted some of the relief sought in the Plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Civil Seizure/Impoundment dated October 29, 2011 as modified by subsequent Order dated November 10, 2011. In conjunction with this the Plaintiffs cause to be issued a bond; and

**WHEREAS,** this Court's Writ of Seizure was executed on December 1, 2011 with the Marshals seizing certain hard copy documentary records and certain devices; and

**WHEREAS**, the Defendants have weighed the cost of litigation and have decided, in their business judgment, that settlement of these claims would be less costly than litigation; and

**WHEREAS**, the Parties stipulated to a Preliminary Injunction which was entered on the docket as this Court's order on November 29, 2011; and

**WHEREAS**, the Defendants specifically deny each of the Plaintiffs' allegations; and

**WHEREAS**, the Plaintiffs and Defendants (collectively "the Parties") stipulate to the assertion by the Court of *in personam* jurisdiction over them and subject matter jurisdiction over the claims asserted in this action; and

**WHEREAS**, Plaintiffs and Defendants each transmit programming including that of South Asian origination and will continue their businesses separate and independent upon the signing of this document;

WHEREAS, "DISH Network services" means any satellite, internet, or IPTV service offered by DISH Network including but not limited to the DISH Network Direct Broadcast Satellite (DBS) service, the DISH Network Slingbox service, and the DISH World IPTV service;

**WHEREAS**, the Parties desire to settle all claims and available or possible counterclaims in this action, and each party has reviewed the Complaint and all other filings in this action, and each has made an investigation into the facts underlying this action and the applicable law; and

**WHEREAS**, the Parties have reviewed this document and authorized their counsel to execute same on their behalf; and

**WHEREAS**, there being no reason why the full settlement of this action as between the Parties should not be approved it is hereby:

**STIPULATED AND AGREED** by and between the Plaintiffs and Defendants that this action will be settled by the Court's ordering as follows: it is

**ORDERED, ADJUDGED AND DECREED** that Plaintiffs shall recover from Defendants the total sum of Seventy Five Thousand ($75,000.00) (the "settlement amount") for which each Defendant shall be personally liable, to be paid as follows: $1,000.00 shall be paid immediately upon receipt of notice of entry of this Consent Decree, $1,000.00 shall be paid on the first day of the month for eleven months, followed by 12 consecutive monthly payments of $2,000.00, followed by 12 consecutive monthly payments of $3,250.00. Payments shall be made payable to Green Miles Lipton, LLP and shall be mailed to John M. McLaughlin, Green Miles Lipton, LLP, 77 Pleasant Street P.O. Box 210, Northampton, MA 01061-0210.

**ORDERED, ADJUDGEED, AND DECREED** that in the event Defendants fail to deliver to Plaintiffs their settlement payments as provided for herein, Plaintiffs shall notify Defendants by facsimile, email communication, or first class mail notice to their undersigned attorney, together with telephonic notice (leaving a message on Defendants' counsel's answering machine is sufficient, and any disputes regarding whether such message was left shall be resolved in favor of plaintiffs), that the Defendants are in default of the terms of this Consent Decree and Order. Upon their Counsel's receipt of such notice, which shall be deeded to occur three business days after mailing and on the same day it is transmitted by facsimile or email communication, Defendants shall have seven (7) days to tender any amount that was due at the time the Plaintiffs notified the Defendants of the default. Upon their failure to deliver the amount due to Green Miles Lipton, LLP, within seven (7) days, all amounts due and outstanding under this Consent Decree and Order by defendants shall accelerate and become due immediately. Failure of defendants to tender the full and accelerated amount within ten (10) days after said acceleration shall entitle Plaintiffs to file for a default judgment jointly against all defendants in the amount of one hundred fifty thousand ($150,000.00), less any and all amounts previously paid by Defendants pursuant to this Consent Decree and Order and with the proposed default judgment including the other pertinent terms of the consent decree (e.g. the injunction).

Plaintiffs' motion for default judgment shall be by affidavit of Plaintiffs' counsel with notice to Defendants' counsel.

**STIPULATED AND ORDERED** that, the Defendants, World Cable, Inc. d/b/a www.worldcable.tv, Premium Hosting.net Inc., Statewide Management Holding, Inc., Sajid Sohail, Yasmine Malik and Shahid Rasul, a/k/a "Bob Rasul," and their employees, agents, representatives, and all other persons acting or claiming to act on their behalf or under Defendants' direction or authority, are permanently enjoined from directly or indirectly:

A. Subscribing to any service offered by DISH Network unless expressly authorized in writing by the DISH legal department;

B. Assisting others in subscribing to any service offered by DISH Network unless expressly authorized in writing by the DISH legal department;

C. Providing false information to DISH Network in connection with the creation of a subscription account;

D. Subscribing to any service offered by DISH Network for any commercial purpose, including but not limited to the streaming, retransmission or rebroadcasting of DISH Network services to third parties;

E. Installing and/or maintaining any DISH Network or EchoStar Technologies equipment at locations or facilities not expressly authorized by the DISH Network legal department;

F. Receiving DISH Network services at any person, entity, location or facility not expressly authorized by the DISH Network legal department;

G. Transmitting, re-transmitting, or streaming any DISH Network service to any person, entity, location or facility not expressly authorized by the DISH Network legal department;

H.  Installing or operating DISH Network satellite receiving equipment, including satellite dishes, integrated receivers/decoders, access cards, and other equipment intended for DISH Network services, for use in connection with the World Cable Internet Protocol Television ("IPTV") distribution system or any other television signal distribution system, including any other IPTV system owned or controlled by any of the Defendants.

I.  Reselling, retransmitting, distributing or re-broadcasting of DISH Network services through the World Cable IPTV distribution system or any other television signal distribution system, including any other IPTV system, owned or controlled by any of the Defendants, or by other means not authorized by the Plaintiffs.

J.  Offering, providing, transmitting or retransmitting any of DISH Network's services to third parties;

Nothing herein shall prevent Defendants from offering or transmitting properly to their customers any non-DISH Network services for which they hold the rights so long as the services are not obtained from DISH Network and are not otherwise obtained in violation of the above referenced provisions pertaining to using Plaintiffs' signals; and it is further

**STIPULATED AND ORDERED** that the electronic devices seized or surrendered pursuant to this Court's Writ of seizure, all of which consist of EchoStar Technologies receivers and DISH Network/NagraStar cards, shall be surrendered by the custodian to the Plaintiffs and the Defendants' right, claim, or interest in any of the devices and other evidence are hereby forfeited to the Plaintiffs. Plaintiffs represent that documents seized on December 1, 2011 have been returned to Defendants; and it is further

**STIPULATED AND ORDERED** that all claims, counterclaims, demands, damages, injuries to business, actions, causes of action, rights, costs, loss of service, expenses, attorney's

fees, litigation costs of whatsoever kind or nature, existing or arising at any time up to the date of this stipulation, including all claims, counterclaims, and/or causes of action had or which could have been had by and between the Plaintiffs and the Defendants arising from or connected with this action, are dismissed with prejudice, and the parties acknowledge their release and discharge of each other, their agents, and employees, affiliates, predecessors, successors, assigns, heirs, executors, administrators, employees, agents, attorneys, legal representatives, parents, subsidiaries, affiliates shareholders, officers, and directors from any and all such claims, causes of action and liabilities; and it is further

**STIPULATED AND ORDERED** that by operation of this Order, the Preliminary Injunction shall be vacated, and the bond filed by Plaintiffs shall be released; and it is further

**STIPULATED AND ORDERED** that each of the parties shall bear their own costs and attorneys' fees incurred in this action and in the settlement of this action; and it is further

**STIPULATED AND ORDERED** that jurisdiction is retained by this Court for the purpose of enforcing the injunction and for punishment and/or compensation as a result of any violations thereof and for reopening the civil action through the Plaintiffs filing the motion for default judgment as referenced above; and it is further

**STIPULATED AND ORDERED** that this Stipulation, Consent Decree, and Order of Permanent Injunction may be filed without further notice with the Clerk of the Court.

The Plaintiffs, by their counsel

7/23/13
Date

Lead Counsel
John M. McLaughlin
(*pro hac vice*)
Green, Miles, Lipton & Fitz-Gibbon, LLP
77 Pleasant Street; P.O. Box 210

Northampton, MA 01061
Telephone (413) 586-0865
Fax (413) 584-6278
jmclaughlin@greenmiles.com

The Defendants, by their counsel

7-10-2013
Date

Daniel J. Lefkowitz
Daniel J. Lefkowitz, Esq., P.C.
320 New York Avenue
Huntington, NY 11743
Telephone (631) 692-4700
Fax (631) 659-3740
daniel.lefkowitz@djlpc.com

The Defendants

7/13/13
Date

Sajid Sohail, individually and as an Officer
of Statewide Management Holding Inc.

7/13/13
Date

Shahid Rasul, individually and as an
Officer of World Cable, Inc., and an
Officer of Premium Hosting

7/13/13
Date

Yasmine Malik

**So Ordered:**

_____
**United States District Judge**

- 7 -

Central Islip, New York
June __, 2013