**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DISH NETWORK L.L.C., ECHOSTAR     :
TECHNOLOGIES L.L.C. AND     :
NAGRASTAR LLC     :
          : CIVIL ACTION NO. CV-11-5129 (ADS)
         **Plaintiffs,**     :
     :
   -against-     :
     :
WORLD CABLE INC., d/b/a     :
www.worldcable.tv,     :
PREMIUM HOSTING.NET INC.     :
STATEWIDE MANAGEMENT     :
HOLDING, INC, SAJID SOHAIL,     :
YASMINE MALIK, SHAHID RASUL A/K/A     :
"BOB RASUL" and JOHN and     :
JANE DOES 1- 5     :
         **Defendants**     :
-----------------------------------------------------------------X

<u>**PLAINTIFFS' MOTION FOR A FINDING AS TO THE NON-APPLICABILITY OF PROVISIONS OF LOCAL RULE 55.1, LOCAL RULE 55.2 AND INDIVIDUAL RULE VI OR, ALTERNATIVELY, THE ISSUANCE OF A CERTIFICATE OF DEFAULT**</u>

Now come the Plaintiffs, DISH Network L.L.C, EchoStar Technologies L.L.C. and

NagraStar LLC ("Plaintiffs"). The Plaintiffs intend to move for default judgment against all of the

Defendants in this action *except* World Cable Inc. (see below) pursuant to the specific, explicit

provisions of this Court's Consent Decree Order of July 24, 2013 ("Consent Decree") based upon

their failure to make timely payments to the Plaintiffs pursuant to the terms of the Consent Decree.

The Court's electronic filing system will apparently not allow for the filing of a "Motion for

Default Judgment" without their first being filed a certificate of default pursuant to Local Rules

55.1. Therefore, Plaintiffs now move this Court for:

1.      A finding that Local Rule 55.1, and Local Rule 55.2 and Individual Rule VI , or at least

certain pertinent portions thereof, are inapplicable with reference to the Plaintiffs'

imminent motion for default judgment; or, in the alternative,

2.      The issuance of a certificate of default pursuant to Local Rules 55.1 to enable the Plaintiffs

to move forward with the Plaintiffs' imminent motion for default judgment.

The Court should take note that the Plaintiffs are taking no action against the Defendant

World Cable Inc. ("World Cable"). World Cable sought bankruptcy protection through Chapter 11

bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New

York, *In re: World Cable Inc*, Case No. 14-103795 (MG) and on March 10, 2015 the Bankruptcy

Court confirmed Amended Joint Chapter 11 Plan which did not provide for payment to the

Plaintiffs. Accordingly, the Plaintiffs are not moving for Default Judgment against World Cable as

their claims against *World Cable* are admittedly stayed pursuant to 11 U.S.C. § 362, the stay does

not extend to or prevent prosecution of the Plaintiff's claims against the defendants Sajid Sohail

and Shahid Rasul and other non-debtor defendants in the this Civil Action (see Plaintiffs'

Memorandum in support of this Motion). Additionally, the Plaintiffs contend that World Cable is

still bound by the terms of this Court's Consent Decree, including the injunction set forth therein,

which gives rise to the motion for default judgment against the other Defendants in this action.

As grounds for this motion the Plaintiffs submit that:

1.      The Consent Decree explicitly provided for payments to be made by the

Defendants to the Plaintiffs and that if there was a default in the payments the

Plaintiffs have the right to pursue a default judgment. This "default judgment" is

based upon the Defendants' default with reference to the terms of this Court's

specific order, the Consent Decree. Therefore, the Plaintiffs are not obligated to

proceed in accordance with Federal Rules of Civil Procedure Rule 55 and with the related provisions of Local Rules 55.1 and 55.2 and this Court's Individual Rule VI.

2.    The Consent Decree, with the provision allowing for the Default Judgment, was based upon the full agreement and stipulation of the Parties in this civil action. While the Defendants may have rights to defend against the substantive elements of the Plaintiffs' motion for default judgment (how much was paid) the Defendants have waived any claim pertaining to the Plaintiffs utilizing the default judgment motion as the procedural remedy to make a claim with reference to the default in payment.

3.    At the time of the Consent Decree the Defendants had not responded to the Plaintiffs' Second Amended Complaint. Instead, they stipulated to the Consent decree under which they agreed to undertake certain particular obligations with reference to this civil action. The Plaintiffs contend that the Defendants failed in their obligations pursuant to the Consent Decree. Therefore, the Defendants' failure to abide by their obligations under the Consent Decree could be possibly be considered a failure to "otherwise defend" against the Plaintiff's' claims subjecting the Defendants to "Default" pursuant to Federal Rules of Civil Procedure Rule 55. The Plaintiffs could then comply with the related provisions Local Rules 55.1 and 55.2 and this Court's Individual Rule VI.

In further support of this motion please see:

1.    The Memorandum in support of this Motion;

2.    The Declaration of John M. McLaughlin in support of this Motion; and

3.    Proposed orders pertaining to this Motion.

Wherefore Plaintiffs move that they be granted leave to proceed with their motion for default judgment without having to abide by pertinent provisions of Local Rule 55.1 and Local Rule 55.2 (b)(2) and Individual Rule VI. Or, alternatively issue a certificate of default as to all of the defendants except World Cable.

Respectfully submitted by the Plaintiffs through their Counsel


5/31/2016                                              /s/ John M. McLaughlin
                                                       John M. McLaughlin (*pro hac vice*)
                                                       Green Miles Lipton, LLP
                                                       77 Pleasant Street; P.O. Box 210
                                                       Northampton, MA 01061
                                                       Telephone (413) 586-0865
                                                       Fax (413) 584-6278
                                                       Email: jmclaughlin@greenmiles.com



5/31 /2016                                             /s/ James Stephen Nowak
                                                       James Stephen Nowak
                                                       Bar No. JN0923
                                                       Kenney Shelton Liptak & Nowak, LLP
                                                       The Calumet Building
                                                       233 Franklin Street
                                                       Buffalo, NY 14202
                                                       (716)-853-3801
                                                       Fax: (716)-853-0265
                                                       Email: jsnowak@kslnlaw.com

## CERTIFICATE OF SERVICE

I, James S. Nowak, attorney for the Plaintiffs, hereby certify that on the 31st day of May 2016, a copy of the foregoing motion, affidavit, and proposed order were sent by way of e-mail to:

Daniel J. Lefkowitz,
Counsel for Defendants
Daniel.lefkowitz@djlpc.com

<div style="text-align:center; margin-left:50%;">

/s/ James S. Nowak
James S. Nowak

</div>